SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5257

January 6, 2015

Amy Layfield
*Pro se Appellant*
21717 E. Piney Grove Rd.
Georgetown, DE 19947

Paige J. Schmittinger
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French Street
Wilmington, DE 19801

RE:  *Layfield v. Division of Unemployment & Unemployment Insurance Appeals Board* C.A. No. S14A-06-003 THG

Dear Parties:

Before the Court is an appeal from the Unemployment Insurance Appeals Board ("UIAB") with regard to claimant Amy Layfield's ("Claimant") overpayment of unemployment insurance benefits. For the reasons that follow, the Board's decision is **AFFIRMED**.

## FACTS AND PROCEDURAL HISTORY

In October of 2011, Claimant was employed as a receptionist and document controller. One morning she was called into the Human Resources Office and was told she was being terminated due to downsizing at the company. She was given three months severance pay and was told she could apply for unemployment benefits after January 21, 2012.

Claimant filed for unemployment insurance benefits with the Department of Labor, Division of Unemployment Insurance ("the Division"), on January 22, 2012. She was paid a weekly benefit amount of $330.00. She was informed that she could earn up to $139.00 per week without affecting her weekly benefit payment. Claimant signed the Notice of Receipt of

1

Benefit Rights and Responsibilities form ("the Form") indicating she understood she was liable to repay the Division any sum of money equal to the benefits she received if it was determined she was not entitled to those benefits.

Towards the end of January 2012, Claimant and her sister-in- law started cleaning the law office of Stumpf, Vickers, & Sandy. They were paid $200.00 a week, which they split equally.[1] This income was not reported to the Division.[2]

Claimant filed a claim for benefits on January 22, 2014. The Division determined, pursuant to 19 *Del. C.* §3314(6), Claimant had been overpaid benefits in the amount of $6,600.00 for twenty (20) weeks over the period ranging from January 28, 2012 to June 9, 2012. On January 28, 2014, the claims deputy assigned to Claimant determined she was disqualified from further receipt of unemployment benefits. As such, Claimant was unable to receive benefits with or for the week ending January 28, 2012 through week ending January 26, 2013. The determination became final on February 7, 2014 because no appeal was filed.

On March 13, 2014, the Division determinated Claimant was required to repay the benefits she received during the January 28, 2012 to June 9, 2012 time frame.[3] Claimant timely appealed this determination. A hearing was held April 10, 2014 and a decision was rendered on April 14, 2014.[4] There, the Referee affirmed the decision of the Division, finding "[d]ue to . . .

---

[1] R. at 33, 35.

[2] Claimant asserts she was not thinking she had to report any income as long as it was under the $139.00 threshold amount. She admits it was wrong for her not to report the $100.00 a week she earned through the twenty week period at issue.

[3] R. at 15.

[4] R. at 29.

non-fraudulent actions, Claimant was overpaid benefits in the amount of $6,600.00 for twenty (20) weeks from January 28, 2012 until June 9, 2012. Claimant is liable to repay those benefits . . . ."[5]

After the Referee's decision, Claimant timely filed an appeal with the UIAB. A review hearing was held on April 23, 2014. The UIAB affirmed the Referee's decision on May 27, 2014, finding "no error in the determination reached by the Appeals Referee," and that the Board felt that additional fact-finding would not be necessary or helpful.[6] Claimant timely filed for reconsideration on May 29, 2014.[7] On June 16, 2014 Claimant filed an appeal in this Court as to the UIAB's May 27 decision.[8] Subsequently, the UIAB denied Claimant's motion for rehearing on the grounds that "Claimant has offered no basis for the Board to revisit its prior decision . . . ."[9]

### STANDARD OF REVIEW

When reviewing appeals from the UIAB, this Court examines only the record upon which the UIAB relied in making its decision.[10] The Court only determines whether substantial evidence supported the UIAB's decision, and whether the UIAB's decision is free from legal error.[11] The necessary degree of evidence is only "such relevant evidence as a reasonable mind

---

[5] R. at 32.

[6] R. at 44.

[7] R. at 46.

[8] R. at 51.

[9] R. at 49.

[10] *Burgos v. Perdue Farms, Inc.*, 2011 WL 1487076, *2 (Del. Super. Apr. 19, 2011).

[11] *Moss v. Mountaire Farms*, 2014 WL 4933060, *2 (Del. Super. Sept. 29, 2014).

3

might accept as adequate to support a conclusion."[12]  Evaluating the evidence, determining credibility issues, and deciphering factual questions are not within the Court's purview.[13]  In short, the Court only decides if there is a sufficient basis to support the Board's decision.[14]

## **DISCUSSION**

In her opening brief,[15] Claimant asserts she should not be required to repay the Division because she was not committing fraud, and only failed to report the income she received from out of mistake.  However, even a mistake does not prevent the Division from seeking a recoupment of benefits.

An individual on unemployment insurance benefits can be disqualified from receiving further benefits if they commit certain acts.[16]  The relevant portion of  19 *Del. C.* §3314, which addresses disqualification, states:

> If the [Division] determines such individual has made a false statement or representation knowing it to be false or *knowingly failed to disclose a material fact* to obtain benefits to which the individual was not lawfully entitled, and such disqualification shall be for a period of 1 year beginning with the date on which the first false statement, false representation or failure to disclose a material fact occurred.  A disqualification issued pursuant to this subsection shall be considered a disqualification due to fraud (emphasis added).[17]

Thus, even if a claimant knowingly, but mistakenly, fails to disclose a material fact, she can still

---

[12] *Id.*

[13] *Burgos*, 2011 WL 1487076 at *2.

[14] *Moss*, 2014 WL 4933060 at *2.

[15] The UIAB has not submitted an answering brief in response to Claimant's opening brief.  The UIAB cites *Wilmington Trust Co. v. Barron*, 470 A.2d 257 (Del. 1983) for the proposition that a judge, or agency acting in a quasi-judicial capacity, has no personal interest in a higher tribunal sustaining its ruling.  As such, this Court will only base its decision on the record below and Claimant's opening brief.

[16] 19 *Del. C.* §3314.

[17] 19 *Del. C.* §3314 (6).

4

be disqualified from receiving benefits for a one year period.[18]

If such a fraud, or mistake, occurs, the Division is entitled to recoup overpayments of benefits.[19]  The relevant statute,  19 *Del. C.* §3325, states:

> Any person who has received any sum as benefits under this chapter to which it is finally determined that the person was not entitled shall be liable to repay . . . said overpayment . . . or to have such sum deducted from future benefits payable to the person under this chapter.  The person shall be so liable *regardless of whether such sum was received through fraud or mistake* (emphasis added) . . . .[20]

## APPLICATION

The Court sympathizes with Claimant if she merely made a mistake by not reporting the income she received from cleaning the law office.  But, by her mistake, she inadvertently committed a fraud on the Division as defined in 19 *Del. C.* §3314 (6).  Claimant failed to report to the Division the income she made cleaning during the January 28, 2012 to June 9, 2012 time period.  The Form, which Claimant signed[21] on January 23, 2012 states:

> I understand that if . . . I am finally determined by a claims deputy, appeals referee, the Unemployment Insurance Appeals Board, or a Court <u>not</u> to have been entitled to . . . benefits, I am liable to repay the [Division] . . . a sum of money equal to the benefits I received.  I understand that I am liable to repay the Division for beneifts I have already received whether I received them as a result of my fraudulent act(s) *or by mistake* (emphasis added) . . . .[22]

---

[18] *See*, 19 *Del. C.* §3314 (6); (It should be noted that the Referee Decision specifically states Claimant committed "*non-fraudulent actions*," but due to those actions she was "overpaid benefits in the amount of $6,600.00 (emphasis added)."  Claimant should know that no one has declared she is a fraud, but rather that she committed a costly mistake.  However, because of that mistake, she needs to repay the Division the benefits she received during the time period stated above pursuant to the laws of Delaware.)

[19] 19 *Del. C.* §3325.

[20] *Id.*

[21] "A party to a contract cannot silently accept its benefits and then object to its perceived disadvantages, nor can a party's failure to read a contract justify avoidance."  *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 913 (Del. 1989).  Because Claimant signed the Form, she will be held to the responsibilities stated in it.

[22] R. at 40.

The Form goes on to state that the Claimant understands she is "required to report *any and all wages or income from any source every week that [she] claim[s] unemployment benefits . . . and that a failure to report any wages or income received during any week [could] result in a disqualification from benefits for one year. . . ."[23]* By signing the Form, Claimant memorialized she was aware that she could lose her benefits if she failed to report any income earned, and would have to repay them, even if by mistake. Claimant has no right to retain the money she received after failing to accurately report her income.

## **CONCLUSION**

Based on the record considered by the UIAB below, this Court finds there is ample evidence for a reasonable mind to determine the UIAB's decision is well founded. The decision is supported by substantial evidence and is free from legal error. As such the decision of the UIAB is **AFFIRMED**.

Very truly yours,

*/s/ T. Henley Graves*

_____

T. Henley Graves

---

[23] *Id.*

6